598 A.2d 1000

**COMMONWEALTH of Pennsylvania**

v.

**Robert TAYLOR, Appellant.**

Superior Court of Pennsylvania.

Argued June 19, 1991.

Filed Sept. 27, 1991.

Reargument Denied Dec. 2, 1991.

Jeffrey Shender, Asst. Public Defender, Philadelphia, for appellant.

Anthony J. Baratta, Asst. Dist. Atty., Philadelphia, for Com.

Before ROWLEY, President Judge, and CAVANAUGH and WIEAND, JJ.

ROWLEY, President Judge:

Robert Taylor appeals from the order of the Court of Common Pleas of Philadelphia County denying the Writ of Certiorari which he filed after his conviction in the Municipal Court of Philadelphia County. He raises one issue in this appeal, namely, whether the charges against him

should have been dismissed pursuant to Pa.R.Crim.P. 6013. After reviewing the record, we vacate the judgment of sentence and discharge appellant.

Appellant was arrested on October 23, 1988, after the police observed him discard a firearm which was later determined to be unlicensed. His preliminary arraignment was held on October 24, 1988. Therefore, the automatic run date for Rule 6013 was February 21, 1989.[1] At the arraignment, the case was listed for status on November 15, 1988, pursuant to Municipal Court procedure. On November 15, the Commonwealth failed to provide mandatory discovery to defense counsel and the case was again listed for status on December 20, 1988. On December 20, the Commonwealth again failed to provide mandatory discovery and the case was listed for trial on February 9, 1989. On February 9, the Commonwealth provided defense counsel with the requested discovery. Defense counsel then requested a continuance in order to conduct an investigation based on the discovery materials given to her. The case was therefore continued to April 24, 1989, and the amended run date became May 6, 1989. On April 24, the case was again continued because the Commonwealth failed to subpoena a necessary police witness. The case was continued to June 12, 1989. On June 12, after appellant's motion to dismiss pursuant to Rule 6013 and his motion to suppress were denied, trial was conducted. Appellant was convicted of firearms violations and sentenced to two concurrent terms of probation of one year each. Appellant then filed a petition for Writ of Certiorari in the Court of Common Pleas, which was denied. This timely appeal was then filed.

The principal issue in this case is whether the period from November 15, 1988, through February 9, 1989, should be considered excludable time or whether it should be

1. Rule 6013 provides that "[t]rial in a Municipal Court case ... shall commence no later than one hundred twenty (120) days from the date on which the preliminary arraignment is held."

charged to the Commonwealth.[2]  We agree with appellant that this period of time is chargeable to the Commonwealth.

Appellant contends that his trial was delayed due to the Commonwealth's failure to provide mandatory discovery. In addressing this issue, the trial court determined that, under *Commonwealth v. Woodell*, 344 Pa.Super. 487, 496 A.2d 1210 (1985), "[a]n order dismissing prosecution with prejudice under the speedy trial Rule is an inappropriate penalty for tardy delivery of discovery by the Commonwealth."  Trial Court Opinion 2/25/91 at 6.  However, the trial court's reliance on *Woodell* is misplaced.

In *Woodell*, a panel of this Court reversed the trial court's order dismissing charges against the defendant because of the Commonwealth's failure to provide discovery. As the trial court in the present case stated, this Court held that dismissal of the charges was an inappropriate penalty in that case.  However, *Woodell* involved *only* the failure on the part of the Commonwealth to provide discovery; there was no claim in *Woodell* that the Commonwealth's failure to provide discovery caused a delay in the defendant's trial beyond the applicable time period.  The holding in *Woodell* does not stand for the proposition that, in the context of a Rule 6013 or Rule 1100 claim, dismissal of charges is inappropriate when the delay is caused by the failure of the Commonwealth to provide discovery material. It is unquestionable that dismissal is an appropriate action when the Commonwealth fails to bring a defendant to trial within the time period prescribed in Rule 6013.  The appropriateness of that action does not change merely because

2.  Appellant concedes seventy-four days of excludable time between February 9, 1989, and April 24, 1989, because the continuance was pursuant to a defense request.  We do note, however, that the request for a continuance was prompted by a need to investigate the reports which the Commonwealth failed to provide until February 9.  In addition, the period from April 24, 1989, and June 12, 1989, is chargeable to the Commonwealth as the delay was caused by the Commonwealth's unexplained failure to subpoena a necessary witness who was otherwise available to testify.  *See* Notes of Testimony (N.T.) 6/12/89 at 5, 6–7.

the Commonwealth's failure to provide mandatory discovery causes the delay.

Furthermore, our Supreme Court recently stated that where, as here, a defendant's discovery request is not contested and the request is not made for purposes of trial strategy, a request for discovery does not toll the running of Rule 1100 (the Court of Common Pleas counterpart to Rule 6013). *Commonwealth v. Edwards,* —— Pa. ——, 595 A.2d 52 (1991).

In addition, when the attorney for the Commonwealth was questioned at the hearing as to the cause of the delay, he stated, "On that date discovery was ordered, on 11/15/88, by our office from the Police Department. Discovery was then again ordered, but the 49 still had not come in. On the second listing, once again our office ordered the discovery, and that is all we can do, Judge." N.T. 6/12/89 at 8. On the basis of this assertion, the court found no lack of due diligence. *Id.* at 9. In its brief, the Commonwealth argues that it "did all it could to provide defendant with the police investigation report except write the report itself. The Commonwealth requested the report from the police twice before receiving it...." Appellee's Brief at 8. If we were to accept the Commonwealth's assertion that two or three routine requests for the report during a period of more than three months "is all that [it] can do", we would be following a course which the Supreme Court denounced in *Commonwealth v. Browne,* 526 Pa. 83, 584 A.2d 902 (1990). In *Browne,* the Court expressed a concern "that the Superior Court is more and more inclined to accept any and every excuse for failure to bring a criminal case to trial within the period prescribed by Rule [6013]...." *Id.,* 526 Pa. at 89, 584 A.2d at 905. Surely, the Commonwealth could have done more in its attempt to secure the report from the police than merely requesting the report two or three times. Its failure to do so shows a lack of due diligence.

In further support of the conclusion that appellant is not entitled to relief, the Commonwealth and the trial court strongly relied on the procedure of the Municipal Court in

which cases are listed for status before being listed for trial. The Commonwealth argues that, because appellant benefits from this procedure, the period should be excluded from the computation of time.[3] *See* Appellee's Brief at 5–6. Similarly, the trial court stated that the period in which trial was delayed because of this procedure was in effect a continuance agreed upon by appellant because defendants, as well as the Commonwealth and the court system, benefit from this procedure, and the Defender Association participates it in. *See* Trial Court Opinion at 5–6. We find this position to be untenable. This is not a situation where crowded court dockets have made it impossible for the Commonwealth to try a defendant within the applicable time period. The "listing for status" procedure is apparently a routine occurrence in the Municipal Court system and cannot be used to defeat a valid Rule 6013 claim.

■ Finally, we reject the Commonwealth's assertion that appellant waived his Rule 6013 rights by saying nothing when the court announced a date beyond the run date. A defendant has no duty to object when his trial is scheduled beyond the Rule 6013 time period so long as he does not indicate that he approves of or accepts the delay. *Commonwealth v. Garrison*, 277 Pa.Super. 18, 419 A.2d 638 (1980). The Commonwealth does not contend that appellant indicated that he accepted the delay. The Commonwealth does argue that, because appellant had previously executed a waiver by requesting a continuance on February 9, 1989, his silence on April 24 constituted a waiver. *See Commonwealth v. Brown*, 497 Pa. 7, 438 A.2d 592 (1981). In *Brown*, the Court determined that the defendant's silence constituted an informed and voluntary waiver because he had already expressly and validly waived those rights on a previous date. In the present case, on the other hand, the

3. The Commonwealth also contends that appellant requested that the listing of December 20 be for status only. Appellant strongly refutes this assertion and we find nothing in the record to support it. Furthermore, the Commonwealth still had not complied with its discovery obligations by December 20. Therefore, even if the case had been listed for trial on that date, trial could not have proceeded.

only evidence of a "waiver" which the Commonwealth offers is the continuance requested by defense counsel so that she could investigate the police report which the Commonwealth belatedly provided. There is no indication that this request for a continuance was a knowing and voluntary waiver of appellant's rights.

For the above reasons, we conclude that the Municipal Court and the trial court erred in finding that appellant's Rule 6013 rights were not violated. Therefore, we vacate the judgment of sentence and discharge appellant.

The judgment of sentence is vacated and appellant is discharged.