J. S51044/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| TRACEY MARROW, | : | No. 2009 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, June 23, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0006387-2012

BEFORE:  DUBOW, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 25, 2019**

Tracey Marrow appeals from the June 23, 2017 order entered by the Court of Common Pleas of Philadelphia County denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court provided the following factual and procedural history:

> On February 26, 2014, [appellant] entered into a plea of nolo contendere to two counts of robbery, one count of conspiracy, and one count of possession of an instrument of crime.[Footnote 1]  On April 1, 2014, [appellant] was sentenced to an aggregate term of eight and one-half to twenty years[] of incarceration.
>
> > [Footnote 1] 18 Pa.C.S.A. § 3701(a)(ii); § 903; § 907[(a)], respectively.
>
> The facts as set forth in the negotiated plea are as follows:

On May 12, 2012, at approximately 11:45 p.m., Lacey Walerski and John Buettler[] were in the area of 2300 East Allegheny Avenue in Philadelphia. A red Chevy pickup truck pulled up in front of them. They observed [appellant] in the driver's seat. The passenger, Alvin Banks, got out and walked towards them. Alvin Banks forced both of them to the ground, pulled a gun on them, and took their belongings. They observed Alvin Banks get back into the vehicle and [appellant] drive off.

If called to testify, Officer Wright would testify that approximately 25 minutes later he stopped that red pickup truck. When he stopped, [appellant] was in the passenger's seat and ran out of the vehicle and fled from Officer Wright. Officer Wright pursued him and observed [appellant] discard a gun. Officer Wright later recovered that gun, which turned out to be a BB gun. Officer Wright also placed Alvin Banks under arrest, who was the driver of the vehicle at the time the car was stopped. Lacey Walerski made positive identifications of both defendants.

Notes of [t]estimony, [2/26/14] at 8-10.

On February 17, 2015, [appellant] filed a **pro se** PCRA petition. An amended petition was filed by court appointed counsel on July 3, 2016. [Appellant's] amended petition claims that [the trial court] erred in failing to bring [appellant] to trial in violation of his right to a speedy trial under Rule 600. Furthermore, [appellant alleged] counsel [should be] deemed ineffective for failing to challenge this purported error. The Commonwealth filed its motion to dismiss on April 4, 2017.

> After careful review of counsel's amended petition, the Commonwealth's motion to dismiss, [appellant's] response, and an independent review of the entire record, [appellant] was given notice on May 9, 2017 of [the PCRA court's] intention to dismiss the petition pursuant to Pa.R.Crim.P. 907. [Appellant's] PCRA petition was formally dismissed without an evidentiary hearing by order of [the PCRA court] on June 23, 2017. [Appellant] then filed a timely appeal to the Superior Court.

PCRA court opinion, 1/18/18 at 1-2 (additional citations omitted).

On July 11, 2017, the PCRA court issued an order directing appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a Rule 1925(b) statement on July 16, 2017. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on January 18, 2018.

Appellant raises the following issue for our review: "Did the [PCRA court] err in failing to grant PCRA relief where trial counsel failed to seek dismissal of the case after [the] case had been delayed longer than 365 days?" (Appellant's brief at 8.)

PCRA petitions are subject to the following standard of review:

> "[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Dennis***, [] 17 A.3d 297, 301 ([Pa.] 2011) (citation omitted). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. ***Id.,*** at 305 (citations omitted). To obtain PCRA relief, appellant must plead and prove by a

> preponderance of the evidence: (1) his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S. § 9543(a)(2); (2) his claims have not been previously litigated or waived, *id.,* § 9543(a)(3); and (3) "the failure to litigate the issue prior to or during trial . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel[,]" *id.,* § 9543(a)(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue [.]" *Id.,* § 9544(a)(2). "[A]n issue is waived if [appellant] could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." *Id.,* § 9544(b).

*Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015).

Under the PCRA, an individual is eligible for post-conviction relief if the conviction was the result of "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S.A. § 9543(a)(2)(ii). When considering whether counsel was ineffective, we are governed by the following standard:

> [C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, [] (1984). This Court has described the *Strickland* standard as tripartite by dividing the performance element into two distinct components. *Commonwealth v. Pierce*, [], 527 A.2d 973, 975 (Pa. 1987). Accordingly, to prove counsel ineffective, the petitioner

- 4 -

> must demonstrate that (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.
>
> *Commonwealth v. Busanet*, [], 54 A.3d 34, 45 (Pa. 2012) (citations formatted). Furthermore, "[i]n accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the *Pierce* test." *Commonwealth v. Fitzgerald*, 979 A.2d 908, 910 (Pa.Super. 2009).

*Commonwealth v. Perzel*, 116 A.3d 670, 671-672 (Pa.Super. 2015), *order vacated on other grounds*, 166 A.3d 1213 (Pa. 2017).

In his sole issue on appeal, appellant contends that the PCRA court erred when it found that appellant's trial counsel was not ineffective for failing to seek a dismissal pursuant to Pa.R.Crim.P. 600. (Appellant's brief at 14.) The Commonwealth argues that appellant's claim is not cognizable under the PCRA. (Commonwealth's brief at 5.)

We find that in this context, appellant's claim is cognizable under the PCRA because appellant is alleging a violation of his constitutional rights. *See* 42 Pa.C.S.A. § 9543(a)(2)(i).

We shall first determine whether appellant's claim that trial counsel was ineffective for failing to pursue a Rule 600 claim has arguable merit. Preliminarily, we note that the Pennsylvania Rules of Criminal Procedure

require a defendant to be brought to trial within 365 days from the date the complaint is filed. Pa.R.Crim.P. 600(A)(2)(a).

> In assessing a Rule 600 claim, the court must exclude from the time for commencement of trial any periods during which the defendant was unavailable, including any continuances the defendant requested and any periods for which he expressly waived his rights under Rule 600. Pa.R.Crim.P. 600(C). "A defendant has no duty to object when his trial is scheduled beyond the Rule [600] time period so long as he does not indicate that he approves of or accepts the delay." *Commonwealth v. Taylor*, 598 A.2d 1000, 1003 (Pa.Super. 1991), *appeal denied*, 613 A.2d 559 (Pa. 1992) (addressing Municipal Court's counterpart to speedy trial rule).

*Commonwealth v. Hunt*, 858 A.2d 1234, 1241 (Pa.Super. 2004), *appeal denied*, 875 A.2d 1073 (Pa. 2005).

The comment to Rule 600 provides that "delay in the time of trial that is attributable to the judiciary may be excluded from the computation of time." Pa.R.Crim.P. 600 cmt., citing *Commonwealth v. Crowley*, 466 A.2d 1009 (Pa. 1983); *see also Commonwealth v. Mills*, 162 A.3d 323, 325 (Pa. 2017), citing *Commonwealth v. Bradford*, 46 A.3d 693, 705 (Pa. 2012) ("periods of judicial delay are excludible from calculations under the rule").

Here, appellant was arrested on May 13, 2012, and the trial began 653 days later on February 25, 2014. As noted by the PCRA court, it:

> reviewed the docket and each of the continuance requests in an attempt to properly determine the length of time between [a]ppellant's arrest and trial.

> Removing all requests that were made for excusable reasons, [the PCRA] court has found that approximately 48 days are attributable to the Commonwealth. Therefore, the Commonwealth's time had not expired and there was no Rule 600 violation.

PCRA court opinion, 1/18/18 at 6 (footnote and citations to the record omitted).

The PCRA court further provided the following pretrial procedural history:

> A criminal complaint was filed against [appellant] on May 13, 2012. On May 29, 2012, a preliminary hearing was held before the Honorable Teresa Deni. Judge Deni found the Commonwealth established a prima facie case for all but two charges. [Appellant] was formally arraigned on June 19, 2012, thirty-seven days after the complaint was filed. A pretrial conference was held on July 18, 2012, twenty-nine days later. At that listing, [appellant] requested a continuance for further investigation into the case. The matter was continued until August 22, 2012 and on that date the pretrial conference was continued for September 14, 2012. It appears this continuance was due to court scheduling. On September 19, 2012 the case was assigned to Judge Ehrlich, 129 days later. At that listing, [appellant] rejected an offer from the Commonwealth and the case was continued for a scheduling conference on October 1, 2012. On October 1st, discovery was marked as complete and the case was listed for a motions hearing on May 6, 2013. Neither [appellant] nor the Commonwealth filed any motions before the May [6]th listing and trial was scheduled for May 13, 2013.
>
> On May 13, 2013, the court continued the trial until May 16, 2013. On May 16th, [appellant] requested a continuance and the matter was relisted for May 24, 2013. On May 24th, the Commonwealth requested a

continuance to work out a non-trial disposition with [appellant]. The case was listed for status, six days later, on May 30, 2013. On May 30th, the case was continued for a status of a non-trial disposition to June 13, 2013. The docket does not indicate who requested the continuance but it appears it was either a joint request or request by [appellant] to consider a plea agreement. On June 13th, [appellant] rejected an offer from the Commonwealth and the case was continued until December 20, 2013 for a new motions date. On December 20th, the case was continued until January 27, 2014 for trial. After the complaining witness failed to appear, the Commonwealth requested a continuance on January 27th. The matter was continued for twenty-eight days until February 24, 2014. The case was continued to February 25, 2014 after [appellant] requested a jury trial. On February 25th, a jury panel was selected. On February 26, 2014, [appellant] chose to accept the Commonwealth's plea agreement and pleaded nolo contendere, 653 days after the criminal complaint was filed.

*Id.* at 6-7.

Based on our review of the record, we find that continuances from August 22, 2012 until September 13, 2012; September 19, 2012 until October 1, 2012; October 1, 2012 until May 6, 2013; May 6, 2013 until May 13, 2013; June 13, 2013 until December 20, 2013; and December 20, 2013 until January 27, 2014, totaling 487 days, were attributed to the trial court. As noted above, continuances and delays caused by the trial court are excludable under Rule 600. Additionally, the record reflects that appellant requested two continuances totaling 43 days, which are likewise excludable for Rule 600 purposes. After accounting for excludable time

under Rule 600 attributable to either the trial court or appellant, appellant was brought to trial 123 days after his arrest. Accordingly, we find that a Rule 600 claim would have been futile, and appellant's claim is without arguable merit. Therefore, appellant's PCRA petition must fail.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/19