J. S29042/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DANIEL GRAFT JACKSON, | : | No. 2716 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered August 24, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0006149-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:            **FILED JULY 25, 2019**

Daniel Graft Jackson appeals, ***pro se***, from the August 24, 2018 order

entered by the Court of Common Pleas of Philadelphia County dismissing his

petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A.

§§ 9541-9546.  After careful review, we affirm.

The PCRA court set forth the following procedural history:

> On December 18, 2014, [appellant] was arrested and
> charged with burglary and related offenses.  On
> August 17, 2016, [appellant] appeared before [the
> trial] court and elected to be tried by a jury.  On
> August 18, 2016, the jury convicted [appellant] of
> burglary, criminal trespass, and theft by unlawful
> taking.[Footnote 1][1]  On October 21, 2016, [the
> trial] court sentenced [appellant] to ten to twenty
> years['] imprisonment for burglary and a concurrent
> sentence of two to four years for theft by unlawful

---

[1] 18 Pa.C.S.A. §§ 3502(a), 3503(a), and 3921(a), respectively.

taking.[Footnote 2] [Appellant] did not file a post-sentence motion.

> [Footnote 1] The jury found [appellant] not guilty of simple assault.[2] The remaining receiving stolen property[3] charge was **nolle prossed**.

> [Footnote 2] [Appellant's] robbery conviction constituted a second strike carrying a mandatory ten to twenty year minimum sentence. The criminal trespass charge merged with burglary for the purpose of sentencing.

[Appellant] appealed an[d] on July 11, 2017, the Superior Court affirmed his judgment of sentence.[4] [Appellant] did not seek allowance of appeal with the Supreme Court of Pennsylvania.

On March 8, 2018, [appellant] filed a timely **pro se** [PCRA] petition. On July 11, 2018, appointed PCRA counsel filed a no-merit letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) [(**en banc**)]. On July 18, 201[8], after independent review, [the PCRA] court agreed that the **pro se** petition was meritless and filed a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. On August 3, 2018, [appellant] mailed his timely response to [the PCRA] court's 907 notice.[Footnote 3]

> [Footnote 3] In his response, [appellant] claims that dismissal is improper because each of his claims are meritorious, but raises no new issues for review.

---

[2] 18 Pa.C.S.A. § 2701(a).

[3] 18 Pa.C.S.A. § 3925(a).

[4] **Commonwealth v. Jackson**, 175 A.3d 370 (Pa.Super. 2017) (unpublished memorandum).

PCRA court order and opinion, 8/24/18 at 1-2 (extraneous capitalization omitted).

The PCRA court dismissed appellant's petition on August 24, 2018. On September 14, 2018, appellant filed a timely notice of appeal to this court. The PCRA court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and filed an opinion pursuant to Pa.R.A.P. 1925(a) in which the PCRA court incorporated its opinion filed on August 14, 2018.

On December 5, 2018, we dismissed appellant's appeal for failing to file a brief with this court. Appellant filed an application to reinstate his appeal in which he claimed that he did not receive this court's order setting the briefing schedule. We reinstated appellant's appeal on December 28, 2018.

Appellant raises the following issue for our review:

> Did the Honorable PCRA [c]ourt err when it dismissed the [a]ppellant's PCRA petition, where the [a]ppellant did pled [sic] and prove that trial counsel was ineffective for failing to file a motion to dismiss all charges pursuant [to] Pa.R.Crim.P. 600?

Appellant's brief at 3.

PCRA petitions are subject to the following standard of review:

> "[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Dennis**, [] 17 A.3d 297, 301 ([Pa.] 2011) (citation omitted). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. **Id.**,

at 305 (citations omitted). To obtain PCRA relief, appellant must plead and prove by a preponderance of the evidence: (1) his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S.[A.] § 9546(a)(2); (2) his claims have not been previously litigated or waived, *id.*, § 9543(a)(3); and (3) "the failure to litigate the issue prior to or during trial . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel[,]" *id.*, § 9543(a)(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of this issue[.]" *Id.*, § 9544(a)(2). "[A]n issue is waived if [appellant] could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." *Id.*, § 9544(b).

*Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015).

Under the PCRA, an individual is eligible for post-conviction relief if the conviction was the result of "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). When considering whether counsel was ineffective, we are governed by the following standard:

> [C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, [] (1984). This Court has described the *Strickland* standard as tripartite by dividing the performance element into two distinct components. *Commonwealth v. Pierce*, [] 527 A.2d 973, 975 (Pa. 1987). Accordingly, to prove counsel ineffective,

- 4 -

the petitioner must demonstrate that (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.

***Commonwealth v. Busanet***, [] 54 A.3d 34, 45 (Pa. 2012) (citations formatted). Furthermore, "[i]n accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the ***Pierce*** test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 910 (Pa.Super. 2010).

***Commonwealth v. Perzel***, 116 A.3d 670, 671-672 (Pa.Super. 2015), ***order vacated on other grounds***, 166 A.3d 1213 (Pa. 2017).

In his sole issue on appeal,[5] appellant contends that the PCRA court erred when it found that appellant's trial counsel was not ineffective for failing to seek a dismissal pursuant to Pa.R.Crim.P. 600. (Appellant's brief at 9.) Preliminarily, we note that the Pennsylvania Rules of Criminal Procedure require a defendant to be brought to trial within 365 days from the date the complaint is filed. Pa.R.Crim.P. 600(A)(2)(a).

---

[5] In his summary of the argument, appellant also asserts that his trial counsel rendered ineffective assistance for advising him not to testify in his own defense. (Appellant's brief at 6.) Appellant does not identify this issue in his statement of questions presented, nor does he pursue this issue further in the argument session of his brief. To the extent appellant raises this issue for appellate review, we find this issue waived on appeal. ***See*** Pa.R.A.P. 2116(a) (stating that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

> In assessing a Rule 600 claim, the court must exclude from the time for commencement of trial any periods during which the defendant was unavailable, including any continuances the defendant requested and any periods for which he expressly waived his rights under Rule 600. Pa.R.Crim.P. 600(C). "A defendant has no duty to object when his trial is scheduled beyond the Rule [600] time period so long as he does not indicate that he approves or accepts the delay." ***Commonwealth v. Taylor***, 598 A.2d 1000, 1003 (Pa.Super. 1991), ***appeal denied***, 613 A.2d 559 (Pa. 1992) (addressing Municipal Court's counterpart to speedy trial rule).

***Commonwealth v. Hunt***, 858 A.2d 1234, 1241 (Pa.Super. 2004), ***appeal denied***, 875 A.2d 1073 (Pa. 2005).

The comment to Rule 600 provides that "delay in the time of trial that is attributable to the judiciary may be excluded from the computation of time." Pa.R.Crim.P. 600 cmt., citing ***Commonwealth v. Crowley***, 466 A.2d 1009, (Pa. 1983); ***see also Commonwealth v. Mills***, 162 A.3d 323, 325 (Pa. 2017), citing ***Commonwealth v. Bradford***, 46 A.3d 693, 705 (Pa. 2012) ("periods of judicial delay are excludable from calculations under the rule").

Here, appellant was arrested on December 18, 2014, and the trial began 609 days later on August 18, 2016. As noted by the PCRA court,

> On January 6, 2015, the Commonwealth requested a continuance for further investigation and a preliminary hearing was scheduled for February 3, 2015. Trial counsel was unavailable and the matter was continued to March 12, 2015. On that date, the Commonwealth requested that the preliminary hearing be continued to join the matter with [appellant's] co-defendant. Seven days later, on March 19, 2015, the Honorable Marvin Louis Williams held a bifurcated preliminary hearing, and continued

the remainder of the matter to April 20, 2015. On that date, trial counsel was unavailable and the matter was continued until June 16, 2015. On that date, the preliminary hearing was completed and [the] matter was held for court. Of the 180 days that elapsed between [appellant's] arrest and the matter being held for court, only twenty-eight days of delay, a continuance from January 6, 2015 [to] February 3, 2015, can be attributed to the Commonwealth. All other periods of delay were excludable due to defense requests or extendable based on the [c]ourt's schedule.

At the first pretrial listing held on August 3, 2015, [appellant] requested a continuance to September 21, 2015 for further investigation, a period of forty-four days that was ruled excludible. On September 21, 2015, the Honorable Robert P. Coleman scheduled a waiver trial for December 10, 2015, an eighty-one day period of excusable delay. On [appellant's] first trial date, the trial court was unavailable, and the matter was next listed for a scheduling conference four days later on December 14, 2015. On that date, the instant matter was joined with co-defendant Martindale's case and scheduled for a jury trial on March 28, 2016, a [105-]day period of excusable delay. On March 28, 2016, the co-defendant was unable to proceed. The Commonwealth refused to sever, and the matter was continued to August 15, 2016, a period of 141 days. . . . [J]ury selection commenced the next day.

PCRA court order and opinion, 8/24/18 at 5-6 (footnotes omitted).

Based on our review of the record, it demonstrates that the continuances from March 19, 2015 until April 20, 2015; September 21, 2015 until December 10, 2015; December 10, 2015 until December 14, 2015; and December 14, 2015 until March 28, 2016, totaling 221 days, were attributed to the trial court. As noted above, continuances and delays caused by the trial court are excludable under Rule 600. Additionally, the record reflects

that appellant requested three continuances totaling 143 days, which are likewise excludable for Rule 600 purposes. After accounting for excludable time under Rule 600 attributable to either the trial court or appellant, the record reflects that appellant was brought to trial 245 days after his arrest. Accordingly, we find that a Rule 600 claim would have been futile, and appellant's claim is without arguable merit. Therefore, appellant's ineffectiveness claim fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/19