J-S35039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VICTOR PEREZ | : | |
| | : | |
| Appellant | : | No. 1950 EDA 2019 |

Appeal from the Judgment of Sentence Entered May 22, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0004137-2017

BEFORE:   BOWES, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JANUARY 26, 2021**

Appellant, Victor Perez, appeals from the aggregate judgment of sentence of 10 to 20 years of confinement, which was imposed after his jury trial convictions for:  manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance by a person not registered ("PWID"); intentionally possessing a controlled or counterfeit substance by a person not registered; use of or possession with intent to use drug paraphernalia; persons not to possess, use, manufacture, control, sell or transfer firearms; possession of firearm with altered manufacturer's number; and criminal conspiracy to commit PWID.[1]  On appeal, Appellant asserts, *inter*

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30), (16), (32); 18 Pa. C.S. §§ 6105(a)(1), 6110.2(a), and 903, respectively.

*alia*, that the trial court erred in denying his pre-trial motion filed pursuant to Pa.R.Crim.P. 600. Upon careful review, we concur with Appellant and are compelled to vacate his judgment of sentence.

In its opinion pursuant to Pa.R.A.P. 1925(a), the trial court fully and correctly set forth the relevant facts of this case. **See** Trial Court Opinion, dated October 15, 2019, at 1-3. Therefore, we have no reason to restate them.

On June 6, 2017, Sergeant Michael Regan of the Cheltenham Township Police Department executed a written criminal complaint against Appellant.[2] On July 11, 2017, Appellant requested discovery. On September 6, 2017, the Commonwealth e-mailed a discovery packet to defense counsel.

On September 12, 2017, a pre-trial conference was held before the Honorable Gary S. Silow. Appellant later represented that, at the time of this conference:

> It is also very important to note the Commonwealth had failed to comply with its[] requirements pursuant PA Rule of Criminal Procedure 573 as full discovery had not been provided. [Appellant] and his attorney were not able to properly defend the case without complete discovery. Assis[t]ant DA

_____

[2] The handwritten date on the complaint was June 5, 2017. The docket lists the "Initiation Date" as June 6, 2017. The date-stamp on the complaint is June 7, 2017. In their briefs, both parties state that criminal charges were filed against Appellant on June 6, 2017, and we will accept this date as the "start date" for this action. Appellant's Brief at 11; Commonwealth's Brief at 4.

[Robert Joseph] Kolansky agreed to provide full discovery to the undersigned counsel.

[Appellant]'s Memorandum in Support of Motion to Dismiss Criminal Charges Pursuant to PA Rule of Criminal Procedure 600, 10/24/2018, at 2 (not paginated) § C.[3]  Another pre-trial conference was held before Judge Silow on October 25, 2017.  Appellant again later stated that, at this conference, "the Commonwealth had failed to comply with its[] requirements pursuant PA Rule of Criminal Procedure 573 as full discovery had not been provided.  [Appellant] and his attorney were not able to properly defend the case without complete discovery." *Id.* at 3 § D.

On November 30, 2017, Appellant had a scheduled "Call of the Trial List" court appearance but requested that his case be re-listed for the next term. For this date, Appellant once again noted that "the Commonwealth had failed to comply with its[] requirements pursuant PA Rule of Criminal Procedure 573 as full discovery had not been provided.  [Appellant] and his attorney were not able to properly defend the case without complete discovery." *Id.* at 3-4 § E.

Again, on December 21, 2017, Appellant had a scheduled "Call of the Trial List" court appearance but requested that his case be re-listed.  Appellant also later represented that, by this date,

---

[3] The Commonwealth did not file a memorandum in response to Appellant's memorandum and thus did not contest these representations nor any other representations therein.

the Commonwealth had failed to comply with its[] requirements pursuant PA Rule of Criminal Procedure 573 as full discovery had not been provided. [Appellant] and his attorney were not able to properly defend the case without complete discovery. Assis[t]ant DA Kolansky agreed to provide full discovery to the undersigned counsel.

*Id.* at 4 § F.

This sequence repeated on January 24, 2018, and Appellant again observed, that, on this date:

It is also very important to note the Commonwealth had failed to comply with its[] requirements pursuant PA Rule of Criminal Procedure 573 as full discovery had not been provided. [Appellant] and his attorney were not able to properly defend the case without complete discovery. Assis[t]ant DA Kolansky agreed to provide full discovery to the undersigned counsel.

*Id.* at 5 § G. Unlike the previous continuances, the "Call of the Trial List Order" included a handwritten notation: "600 Waiver Signed /for RL Motions."[4] However, no such waiver appears in the certified record nor listed on the certified docket. Appellant would later represent that "[t]here was no Rule 600 Waiver executed by" him on that date. *Id.* at 4-5 § G.

On February 21, 2018, Appellant requested that his matter be re-listed for the May 2018 "Call of the Trial List." He once more later asserted about this date:

It is also very important to note the Commonwealth had failed to comply with its[] requirements pursuant PA Rule of Criminal Procedure 573 as full discovery had not been provided. [Appellant] and his attorney were not able to properly defend the

_____

[4] We believe that "RL Motions" means that the case was relisted for a hearing on certain motions, but there is no additional explanation in the record.

case without complete discovery. Assis[t]ant DA Kolansky agreed to provide full discovery to the undersigned counsel.

*Id.* at 5 § H. Two days later, Appellant made a further request that his case be moved to the June 2018 "Call of the Trial List," which was granted.

On May 11, 2018, Appellant filed an omnibus pretrial motion that included the following motion to compel additional discovery:

6. The initial discovery packet, provided on September 6, 2017 via email, is not complete.

7. The Commonwealth has failed to provide any written statements of other individuals who were arrested along with [Appellant], namely: Robert Stephenson, Ronald Raffle, Pamela Desantis and Jeffrey Christianson.

8. The Commonwealth has failed to provide the criminal record of Robert Stephenson, Ronald Raffle, Pamela Desantis and Jeffrey Christianson.

9. The Commonwealth has failed to provide the results and reports of any scientific tests of all evidence recovered by the Cheltenham Police Department.

10. The Commonwealth has failed to provide all documents, photographs, and fingerprint analysis of all evidence recovered by the Cheltenham Police Department.

11. The Commonwealth has failed to provide the names and addresses of any witnesses it intends to call at trial against [Appellant].

12. The Commonwealth has failed to provide fingerprint impressions, blood samples, clothing, hair, fiber, or other materials that have been tested by any scientific laboratory as part of this investigation[.]

Omnibus Pre-trial Motion, 5/11/2018, at ¶¶ 6-12. The omnibus pre-trial motion also included a motion to suppress evidence. *Id.* at ¶¶ 19-23.

A hearing was scheduled on the suppression motion on May 16, 2018. Although all parties were present, the Commonwealth requested a continuance, which the trial court granted, rescheduling the hearing for July 27, 2018. While Appellant's counsel and the prosecutor were in the courtroom in May 2018, the Commonwealth gave Appellant's counsel a statement of a witness, Pamela Desantis, that had been taken on the day of the incident on June 5, 2017; this statement had not previously been provided in discovery. N.T., 10/24/2018, at 5-6.

On July 19, 2018, Appellant again had a scheduled "Call of the Trial List" court appearance but requested a re-list. The suppression hearing was then continued again due to a court conflict.

On August 30, 2018, the trial court held a hearing on the suppression motion, at which the Commonwealth provided a dash-cam video of Appellant's arrest; defense counsel noted for the record that he was seeing the video for the first time that day, as it had not been provided in discovery. N.T., 8/30/2018, at 56. The trial court denied the suppression motion.

On October 11, 2018, Appellant's counsel filed a Motion to Dismiss Charges Pursuant to PA Rule of Criminal Procedure 600 ("Rule 600 Motion"),[5]

---

[5] Appellant had filed a *pro se* motion to dismiss on August 27, 2018. His motion was incorporated into the counseled Rule 600 Motion.

contending that the Commonwealth had violated Pa.R.Crim.P. 600(A)(2).[6] Rule 600 Motion, 10/11/2018, at ¶ 6. The Rule 600 Motion pleaded that, as of the date that it was filed, "the case has been pending for 493 days,"[7] because the Commonwealth "did not exercise due diligence" in bringing Appellant's case to trial. *Id.* at ¶¶ 8, 13. On October 15, 2018, the Commonwealth filed an Answer to the Rule 600 Motion; the answer did not discuss whether the Commonwealth had failed to provide any discovery to Appellant nor give any reasons for any delay in delivering discovery to him. ***See generally*** Answer to Rule 600 Motion, 10/15/2018.

On October 15 and 24, 2018, the trial court held hearings on the Rule 600 Motion. At the hearings, Appellant's counsel stated:

> [T]here [are] a number of continuances that I would propose to the Court that were not requested by the defense. . . . And essentially, I would point out to Your Honor that, throughout the pendency of this case, I had consistently requested from Mr. Kolansky discovery to be complete and full and provided, so that my client and I are able to prepare for trial.

N.T., 10/24/2018, at 4. Appellant's counsel continued that, on the day that the suppression hearing was originally scheduled to occur in May 2018,

---

[6] Pa.R.Crim.P. 600(A)(2) lists five "time periods" by which "[t]rial shall commence[.]" The only one applicable to Appellant is Pa.R.Crim.P. 600(A)(2)(a): "Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed."

[7] The Commonwealth did not dispute Appellant's figure of 493 days. ***See generally*** Answer to Rule 600 Motion, 10/15/2018.

> I'm getting a witness statement that has been handed to me on May 16th, 2018 that was taken June 5th of 2017. It says it right on the witness statement. The woman's name is Pamela Desant[i]s. She is one of the individuals that was allegedly part of the car stop and was in one of the cars.

*Id.* at 6. Appellant's counsel added that, when the suppression hearing finally occurred on August 30, 2018, the Commonwealth –

> hands me for the first time a copy of a [d]ash[-]cam video from the police car of one of the witnesses who testified at the suppression hearing of the whole incident on video.
>
> Now, once again, obviously, that is 14 months post arrest. The video was created contemporaneously right with when the incident occurred. And once again, my client and I are not able to properly prepare for a hearing or for the case in general when we are not being provided full discovery.

*Id.* at 7. The Commonwealth answered these allegations as follows:

> [W]ith regard to the discovery issues brought up by [Appellant's counsel] today, I think [Appellant's counsel] would agree with me that on both of those occasions when discovery was turned over pursuant to my continuing duty to disclose, both items were made -- I was made aware of on the day they were disclosed. It was never a situation where I knew of the existence of something, I sat on it for a while, I chose not to give it to the defense and then I gave it to them.
>
> On both of those dates, because they were, in fact, court dates that we should be here to litigate the case or to handle a matter related to the case, I was provided with new discovery from police, made copies immediately and came prepared to turn them over to defense counsel that day. So I don't believe that there is any delay that was caused by either of those.
>
> In fact, on one of those days, we went forward with [Appellant]'s motion to suppress. We litigated it that day. So there was no delay that should be attributed to the disclosure of discovery pursuant to my continuing duty to disclose when I became aware of something.

*Id.* at 8.

- 8 -

On October 25, 2018, the trial court entered an order denying the Rule 600 Motion and determining the final Rule 600 run date – *i.e.*, the date by which trial must commence – to be April 19, 2019, which had not yet occurred as of the date of the order. Order, 10/25/2018. The order was accompanied by findings of fact and conclusions of law, which included the following:

> [Appellant] continued the case numerous times:
>
> a. On November 30, 2017[, Appellant] requested a relist - exclude 21 days.
>
> b. On December 21, 2017, [Appellant] requested a relist - exclude 34 days.
>
> c. On January 24, 2018, [Appellant] requested a relist - exclude 28 days.
>
> d. On February 21, 2018, [Appellant] requested a relist - exclude 84 days.
>
> e. On July 19, 2018, [Appellant] requested a relist - exclude 27 days.
>
> f. On September 26, 2018, [Appellant] requested a relist - exclude 85 days.
>
> Th[e trial c]ourt finds that all the above-mentioned defense continuances are excludable time and should not be included in the calculation of the Adjusted Run Date.[8] Further, th[e trial c]ourt finds that the July 18, 2018, scheduling order from th[e trial c]ourt rescheduling [Appellant]'s Suppression hearing from July 27, 2018 until August 30, 2018 was not the result of any lack of due diligence on the part of the Commonwealth and therefore this additional 34 days is excusable time within the meaning of Rule 600. . . . In conclusion, th[e trial c]ourt finds that there is a total of 313 days of excludable and/or excusable time[.]

---

[8] The concepts of "adjusted run date," "excludable time," and "excusable time" are discussed in more detail below.

Findings of Fact and Conclusions of Law, 10/25/2018, at 4-5.

On January 29, 2019, jury selection finally occurred, and Appellant's trial commenced the next day.[9] After a two-day trial, Appellant was convicted of the aforementioned charges. On May 22, 2019, the trial court sentenced Appellant. On June 3, 2019, trial counsel filed a motion for reconsideration of sentence, which was denied.

Appellant thereafter filed this timely direct appeal.[10] On December 24, 2020, this Court ordered --

> the Commonwealth and/or the trial court to produce the written waiver referenced in the "Call of the Trial List Order" dated January 24, 2018, within thirty days after receipt of this order. If no written waiver is located, the trial court must indicate as much to us. The record, including the waiver if located, should thereafter be forwarded back to this Court.

Order, 12/24/2020, at 2. On January 5, 2021, the Commonwealth responded: "The Commonwealth was ordered by this Court to produce the written Rule 600 waiver in the above-captioned case. After a diligent search, the Commonwealth has concluded that it is not in possession of the defendant's written Rule 600 Waiver." Letter from Marissa A. Booth, Assistant District

---

[9] The total number of calendar days that elapsed between the filing of the criminal charges on June 6, 2017, and the commencement of Appellant's trial on January 30, 2019, was 603 days – which is greater than the 365 days allotted by Pa.R.Crim.P. 600(A)(2)(a). However, Appellant's challenge only applies to the period prior to the suppression hearing on August 30, 2018. Appellant's Brief at 12.

[10] On October 1, 2019, Appellant filed his statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On October 15, 2019, the trial court entered its opinion pursuant to Pa.R.A.P. 1925(a).

Attorney, to Benjamin Kohler, Esquire, Deputy Prothonotary (January 5, 2021).

Appellant now presents the following issues for our review:

1. Did the trial court err in failing to dismiss the criminal charges against Appellant for violation of his speedy trial rights under Rule 600 of the Pennsylvania Rules of Criminal Procedure?

2. Did the trial court err in failing to suppress evidence derived from Appellant's illegal seizure?

3. Did the trial court abuse its discretion in sentencing the Appellant to an aggregate ten (10) to twenty (20) year prison sentence?

4. Did the Commonwealth violate the Appellant's due process right guaranteed under Article 1, Section 9 of the Pennsylvania Constitution and the 14th Amendment of the United States Constitution in failing to disclose evidence in its possession and control until commencement of trial?

Appellant's Brief at 5 (unnecessary capitalization omitted).

Appellant first challenges the trial court's denial of his Rule 600 Motion and its "finding excusable and excludable delay where the Commonwealth failed to exercise due diligence by failing to disclose mandatory discoverable materials." *Id.* at 10.

"[P]rompt-trial rulings are reviewed by the appellate courts for an abuse of discretion." *Commonwealth v. Barbour*, 189 A.3d 944, 953 (Pa. 2018) (citation omitted).

The proper scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule

- 11 -

600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it.

*Commonwealth v. Peterson*, 19 A.3d 1131, 1135 (Pa. Super. 2011) (*en banc*) (emphasis added) (citations and internal ellipses omitted).

"By the terms of Rule 600, the Commonwealth must bring a defendant to trial within 365 days from the date upon which a written criminal complaint is filed." *Barbour*, 189 A.3d at 947. This first step "provides the **mechanical run date**." *Commonwealth v. Bethea*, 185 A.3d 364, 371 (Pa. Super. 2018) (emphasis in original) (citation omitted). "A defendant, however, is not automatically entitled to discharge under Rule 600 where trial starts more than 365 days after the filing of the complaint." *Commonwealth v. Roles*, 116 A.3d 122, 125 (Pa. Super. 2015).

[T]he Rule 600 run date may be adjusted pursuant to the computational directives set forth in Subsection (C) of the Rule. For purposes of the Rule 600 computation, "periods of delay at any stage of the proceedings caused by the Commonwealth when **the Commonwealth has failed to exercise due diligence** shall be included in the computation of the time within which trial must commence." [Pa.R.Crim.P.] 600(C)(1). "Any other periods of delay," including those caused by the defendant, "shall be excluded from the computation." *Id.*

*Barbour*, 189 A.3d at 947 (emphasis added).

"[D]ue diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the

- 12 -

Commonwealth has put forth a reasonable effort." ***Commonwealth v. Bradford***, 46 A.3d 693, 701–02 (Pa. 2012).

> Absent a demonstration of due diligence, establishing that the Commonwealth has done everything reasonable within its power to guarantee that the trial begins on time, the Commonwealth's failure to bring the defendant to trial before the expiration of the Rule 600 time period constitutes grounds for dismissal of the charges with prejudice.

***Barbour***, 189 A.3d at 947 (internal brackets, citation, and quotation marks omitted).

In the current action, the Commonwealth presented no evidence that it ever contacted the investigating officer to request Desantis's statement or the dash-cam video or to inquire about any possibly missing discovery after Appellant filed his omnibus pre-trial motion. ***See*** Omnibus Pre-trial Motion, 5/11/2018, at ¶¶ 6-12. In a Rule 600 proceeding, it is the Commonwealth's burden to demonstrate, by a preponderance of the evidence, that it put forth reasonable effort. ***Commonwealth v. Selenski***, 994 A.2d 1083, 1089 (Pa. 2010); ***Commonwealth v. Rigoberto Ramos***, 936 A.2d 1097, 1102 (Pa. Super. 2007) (*en banc*) ("the Commonwealth bears the burden of proving its efforts were reasonable and diligent").

In ***Commonwealth v. Taylor***, 598 A.2d 1000, 1001 (Pa. Super. 1991), this Court held that a defense continuance, requested in order to conduct an investigation based on newly-received discovery, was properly charged to the Commonwealth, where the Commonwealth failed to act with due diligence in obtaining the discovery materials from police. In that appeal, the

Commonwealth made "two or three" follow-up requests to the police over a period of slightly more than three months. *Id.* at 1002. In reversing the trial court's finding of due diligence, this Court stated that "[s]urely, the Commonwealth could have done more in its attempt to secure the report from the police than merely requesting the report two or three times." *Id.* This Court concluded that "[i]ts failure to do so show[ed] a lack of due diligence." *Id.* at 1002-03. *See also Commonwealth v. Preston,* 904 A.2d 1, 12 (Pa. Super. 2006) ("[I]f the delay in providing discovery is due to either intentional or negligent acts, **or merely stems from the prosecutor's inaction**, the Commonwealth cannot claim that its default was 'excusable.'") (emphasis added).

Likewise, in the recent case of *Commonwealth v. Felix Ramos*, No. 3634 EDA 2018, unpublished memorandum at 10-11 (Pa. Super. filed May 22 2020),[11] this Court found that the Commonwealth's efforts "or lack thereof" to obtain video evidence were not reasonable based on the record before it, explaining:

> More than one year passed between the date the investigating officer requested the video surveillance evidence . . . and the date the video evidence was passed to the defense. In that time, the

_____

[11] Pursuant to Pa.R.A.P. 126(b) (effective May 1, 2019):

> (1) As used in this rule, "non-precedential decision" refers to an unpublished non-precedential memorandum decision of the Superior Court filed after May 1, 2019 . . .

> (2) Non-precedential decisions as defined in (b)(1) may be cited for their persuasive value.

prosecution apparently made no efforts to ascertain the status of that request; nor did the Commonwealth provide an explanation for the failure of the police to act more diligently in obtaining the video. . . . When defense counsel—who was otherwise prepared to proceed to trial—was compelled to ask for additional time to review the video, it was as a direct result of the Commonwealth's lack of due diligence in obtaining the evidence and providing it to the defense.  As such, the trial court improperly excluded the ensuing 217-day delay from its Rule 600 calculation.

*Id.* at 11.

Analogously, we do not find that the Commonwealth's efforts to provide outstanding discovery, including Desantis's statement and the dash-cam video, were reasonable based on the record before us.  *See id.* at 10-11. More than 11 months passed between the date of the investigation and the date that Desantis's statement was passed to the defense, and more than 14 months passed between the date of the investigation and the date that the video evidence was passed to the defense.  *Compare id.* at 11 *with* N.T., 8/30/2018, at 56; N.T., 10/24/2018, at 5-7.  In that time, the Commonwealth apparently made no efforts to ascertain additional discovery, as requested in Appellant's omnibus pre-trial motion, nor did it provide an explanation for the failure of the police to hand over the witness statement and video evidence promptly and diligently.  *Compare Felix Ramos*, No. 3634 EDA 2018, at 11, *with* Omnibus Pre-trial Motion, 5/11/2018, at ¶¶ 7, 10; Answer to Rule 600 Motion, 10/15/2018; N.T., 10/24/2018, at 8.  Even though the prosecutor represented that he handed over all discovery to Appellant's counsel as soon as it was given to him, N.T., 10/24/2018, at 8, he could have done more to

secure this additional discovery, and his inaction amounted to a lack of due diligence. *See Taylor*, 598 A.2d at 1002 ("[s]urely, the Commonwealth could have done more in its attempt to secure the report from the police"; "[i]ts failure to do so shows a lack of due diligence"); *see also Preston*, 904 A.2d at 12 (if delay "merely stems from the prosecutor's inaction," its time cannot be excluded from the Rule 600 calculation). Appellant's counsel was compelled to ask for continuances as a direct result of the Commonwealth's lack of due diligence in obtaining the evidence and providing it to the defense. *See Felix Ramos*, No. 3634 EDA 2018, at 11. As such, this period of delay was properly chargeable to the Commonwealth as a result of its delay in producing mandatory discovery, and the trial court improperly excluded this period of delay from its Rule 600 calculation. *See id.*

We note that the time period challenged in Appellant's Rule 600 Motion ends on August 30, 2018. Appellant's Brief at 12. The trial court improperly excluded a total of 194 days from its Rule 600 calculation prior to August 30, 2018. Findings of Fact and Conclusions of Law, 10/25/2018, at 5 ¶¶ a.-e. We reach that total based on the following calculation:

21 days + 34 days + 28 days + 84 days + 27 days = 194 days

We include the 28 days between January 24 and February 21, 2018, because (1) no signed waiver appears in the certified record nor on the certified docket, even after this Court explicitly ordered the Commonwealth and/or the trial court to produce said written waiver; (2) the note on the "Call of the Trial

Order" for January 24, 2018, that the action was relisted for a hearing on motions could refer to the outstanding suppression claims – it is ambiguous as to whether the waiver related to Appellant's challenges to the incomplete discovery; and (3) Appellant represented in his memorandum in support of his Rule 600 Motion that no waiver was signed that day, a claim that the Commonwealth, by failing to file a response to Appellant's memorandum, did not contest. [Appellant]'s Memorandum in Support of Motion to Dismiss Criminal Charges Pursuant to PA Rule of Criminal Procedure 600, 10/24/2018, at 4-5 § G; Order, 12/24/2020, at 2; Letter from Marissa A. Booth, Assistant District Attorney, to Benjamin Kohler, Esquire, Deputy Prothonotary (January 5, 2021). In other words, there is no factual support in the record for the trial court's conclusion that these 28 days are excludable time. *See* Findings of Fact and Conclusions of Law, 10/25/2018, at 5.

Adding that sum of 194 days to the 180 undisputed includable days[12] between the filing of the complaint and the suppression hearing brings the Rule 600 calculation to 374 days – nine days in excess of the 365-day period provided by Rule 600. Accordingly, we are constrained to vacate Appellant's

_____

[12] 493 days – 313 days = 180 days. *See* Rule 600 Motion, 10/11/2018, at ¶ 8 ("the case has been pending for 493 days"); Findings of Fact and Conclusions of Law, 10/25/2018, at 5 ("th[e trial c]ourt finds that there is a total of 313 days of excludable and/or excusable time").

judgment of sentence and to discharge him.[13] **See Barbour**, 189 A.3d at 947

("the Commonwealth's failure to bring the defendant to trial before the

expiration of the Rule 600 time period constitutes grounds for dismissal of the

charges with prejudice").

In doing so, we share in the sentiment expressed by our colleagues in

**Felix Ramos**, No. 3634 EDA 2018:

> We are cognizant of the dual purposes underpinning Rule 600—
> i.e., the protection of society, as well as of an accused's speedy
> trial rights.  We do not take lightly the nullification of a duly
> entered jury verdict.  However, where the Commonwealth's
> sustained lack of due diligence over the pendency of a relatively
> uncomplicated prosecution deprives a defendant of his right to a
> speedy trial under our rules of court, we are left with no choice
> but to vindicate that right, unfortunately at the expense of
> society's right to effective prosecution of criminal cases.  The
> Commonwealth can and must do better.

**Id.** at 14-15 n.5; **see also Peterson**, 19 A.3d at 1135 (discussing dual

purpose behind Rule 600).

Judgment of sentence vacated.  Appellant discharged.  Jurisdiction

relinquished.

---

[13] As we vacate Appellant's judgment of sentence on his first claim, we need
not address his remaining issues.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/26/2021