J-A28043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DONALD F. GREEN, JR. :
:
Appellant : No. 70 WDA 2020

Appeal from the Judgment of Sentence Entered December 12, 2019
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000482-2017

BEFORE: OLSON, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J. **FILED: APRIL 30, 2021**

Donald F. Green, Jr. (Appellant), appeals from the judgment of sentence entered in the McKean County Court of Common Pleas, following his jury convictions of four counts of persons not possess firearms and one count each of possession of a controlled substance and possession of drug paraphernalia.[1] We note these convictions were entered at a second trial, following a mistrial due to a Commonwealth discovery violation. On appeal, Appellant avers the trial court erred in: (1) denying his motion to dismiss the charges, ahead of his first trial, pursuant to Pa.R.Crim.P. 600; (2) denying his motion to bar retrial on double jeopardy grounds; (3) denying his motion to bar retrial on a violation of his speedy trial rights; and (4) "allow[ing] the [firearms charges]

---

[1] 18 Pa.C.S. § 6105(a)(1); 35 P.S. § 780-113(a)(16), (32).

to proceed to the jury because the Commonwealth failed to prove sufficient evidence." *See* Appellant's Brief at 28. We affirm.

## I. Facts & Procedural History

We glean the following facts from the October 21, 2019, jury retrial transcript. On August 25, 2018, Pennsylvania State Trooper Matthew Petrof was on general patrol with his drug detection canine in the Liberty Township/Port Allegheny area of McKean County. N.T. Jury Trial, 10/21/19, at 17-18. Trooper Petrof initiated a vehicle stop; Appellant was the passenger of the stopped vehicle. *Id.* at 18. The trooper "smelled burnt marijuana," "both occupants were removed from the vehicle[,]" Appellant "was patted down for officer safety[,]" and the trooper observed Appellant's wallet "had a large amount of U.S. Currency" and a "raw odor of marijuana." *Id.* at 18-19. During the stop, Appellant "consented to a search of his residence, which was up the road," and informed the officers "marijuana and other substances [were] inside a safe inside his residence."[2] *Id.* at 19, 21.

"[M]ultiple law enforcement officers" conducted a search of Appellant's home, a "single-story, smaller trailer." N.T., 10/21/19, at 19-20. "[A] female stay[ed] in" a separate bedroom there. *Id.* at 21. Trooper Petrof testified that in the kitchen, Appellant opened a safe that contained a "Lorcin Model

---

[2] No explanation was given why Trooper Petrof sought Appellant's consent to search his residence.

L380 handgun," "marijuana, mushrooms, other items of paraphernalia, grinders, a scale, [and] empty containers." *Id.* at 21, 28. The officers also "recovered four long guns inside the residence:" a Harrington and Richardson 12-gauge shotgun; "a camo with a small scope Savage Mark II 22-caliber rifle;" a "Marlin Model 60 [t]wenty-two long rifle;" and a "Remington Model 1970 . . . 30 ought 6 rifle."[3] *Id.* at 22-23, 25, 26, 27.

Appellant was charged with multiple counts of persons not to possess firearms, as well as possession of a controlled substance and possession of drug paraphernalia. The criminal complaint was filed on August 25, 2017. On November 7, 2018, Appellant filed a motion to dismiss the charges pursuant to Pennsylvania Rule of Criminal Procedure 600.[4] The trial court conducted a hearing on November 14th, and found that trial, scheduled for November 20th, would commence within the adjusted run date.[5] N.T. Argument on

---

[3] Trooper Petrof testified the officers additionally discovered a second handgun in the woman's bedroom, which was determined to belong to and was returned to her. N.T., 10/21/19, at 24.

[4] **See** Pa.R.Crim.P. 600(A)(2)(a) ("Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.").

[5] "In assessing a Rule 600 claim, the court must exclude from the time for commencement of trial any periods during which the defendant was unavailable, including any continuances the defendant requested and any periods for which he expressly waived his rights under Rule 600. Pa.R.Crim.P. 600(C)." **Commonwealth v. Hunt**, 858 A.2d 1234, 1241 (Pa. Super. 2004) (*en banc*).

- 3 -

Motion Dismiss Pursuant to Pa.R.Crim.P. 600(G), 11/14/18, at 9. The court thus denied Appellant's motion.

The case proceeded to a jury trial on November 20, 2018. "[A] key issue in the trial was who possessed the guns that were found in [Appellant's] trailer." 1925(a) Statement, 6/10/20 (Trial Ct. Op.) at 3. "[T]he defense strategy was to assert that the firearms belonged to his deceased wife." *Id.* at 4. Trooper Petrof was the sole witness. When asked, on cross-examination, whether he conducted "any investigation to determine who owned [the] guns," the trooper responded, "Etraces were done and everything with the ownership of the guns." N.T. Jury Trial, 11/20/18, at 49-50. The trooper asked to refer to his report, which would show "the names and who they were registered to." *Id.* at 50. "'Etraces' are search[es] of a data base for weapon ownership registration. The reports . . . indicated that 3 of the firearms were owned by someone other than [Appellant] or his wife." Trial Ct. Op. at 4. These Etrace reports were "completed" between August 30 and October 17, 2017 — which we note was 13 months before trial. *See* N.T. Hearing on Appellant's Omnibus Motion to Dismiss, 10/18/19, at 25-26.

Appellant argued the Etrace evidence had not been provided to him and thus moved for a mistrial. N.T., 11/20/18, at 50. The assistant district attorney (ADA) stated that she likewise did not know, until just then, that Trooper Petrof "ran a trace," and pointed out she did not rely on this evidence

nor ask the trooper about it.  ***Id.*** at 51.  The trial court granted Appellant's motion for a mistrial based on this discovery violation.  ***Id.*** at 68.

The next entry on the trial docket was made almost ten months later, on September 17, 2019, when the Commonwealth filed a "Notice of Trial," listing Appellant's case for a retrial to begin on October 21st.  On October 3rd, Appellant filed an omnibus motion to dismiss the charges and bar retrial, citing: Rule 600, his constitutional right to a speedy trial, and the double jeopardy clause.

At this juncture, we note that in the proceedings below, Appellant did not challenge, and the Commonwealth offered no explanation for, the 10-month lapse between the granting of the mistrial and the Commonwealth's listing the case for retrial.[6]  Furthermore, the record does not indicate when the Etrace evidence was provided to Appellant — although, as we noted above,

_____

[6] In his appellate brief, Appellant does argue, as evidence of the Commonwealth's misconduct, that "the Commonwealth waited another ten months before it even listed the case for retrial."  Appellant's Brief at 22. However, Appellant does not cite the place in the record where he raised this issue before the trial court.  ***See*** Pa.R.A.P. 2117(c)(1)-(3) ("Where . . . an issue is not reviewable on appeal unless raised or preserved below, the statement of the case shall . . .  specify: (1) The state of the proceedings in the [trial court] at which . . . the questions sought to be reviewed were raised[;] (2) The method of raising them[; and] (3) The way in which they were passed upon by the court."), 2119(e) ("Where . . . an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth . . . either a specific cross-reference to the page . . . of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c), or substantially the same information.").

the Etrace reports were "completed" at least 13 months prior to trial.  **See** N.T., 10/18/19, at 25.

The trial court conducted a hearing on Appellant's dismissal motion on October 18, 2019.  First, the court cited Rule 600(A)(2)(d), which "resets" the 365-day period for commencing trial when a new trial has been granted and no appeal has been perfected.  N.T., 10/18/19, at 51, *citing* Pa.R.Crim.P. 600(A)(2)(d).[7]  The court reasoned there was no Rule 600 violation because the retrial would commence within 365 days of the order granting mistrial. N.T., 10/18/19, at 52.  Appellant conceded this provision of Rule 600, but nevertheless argued he was entitled to relief under a constitutional speedy-trial analysis.  **Id.** at 50.  The trial court disagreed, finding Appellant presented no **evidence** that he would be unduly prejudiced or "put in a worse position because of the delay," for example any claim of a lost witness or lost critical evidence.  **Id.** at 68.  While Appellant did **argue** he "has had this [case] hanging over his head all this time," the court rejected such a basis as prejudice requiring dismissal of the charges.  **Id.**  The court thus also denied Appellant's claim that his right to a speedy trial would be violated.  **Id.** at 69.

_____

[7] Rule 600(A)(2)(d) provides: "When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within 365 days from the date on which the trial court's order is filed."  Pa.R.Crim.P. 600(A)(2)(d).

With respect to Appellant's double jeopardy claim, the Commonwealth

presented the following evidence:

> Trooper [Petrof] testified that he is the "drug canine handler" and is assigned to cover several State Police stations. If he files a complaint his report is kept in the [relevant] station [.] He does not keep his own filings and pulls his report from the station when he goes to a proceeding. He testified that an "Etrace" report on a weapon would be sent back to the supervisor of the station where the alleged crime occurred and then attached to the initial report. He placed the responsibility for forwarding "Etrace" reports to the District Attorney's [(DA's)] office on the crime supervisor of the Kane Station for his cases. He asserted that, since he is not at each station . . . on a routine and regular basis, he would not know that the "Etraces" were received and, therefore, would not know that they had to be forwarded to the [DA's] Office.
>
> Sergeant Mary Gausman[ ] of the Kane State Police Station also testified. She testified that she submitted the "Etrace" requests at issue in this case to the ATF. She was adamant that it is the affiant, Trooper Petrof in this case, who always has the responsibility to provide[ ] additional evidence and reports to the [DA's] Office. "It's a Trooper's responsibility to see a case through Court. I just know it's not my responsibility for every supplemental that comes through or any trace or any attachments to get them to the [DA's] Office." She agreed that[ ] if an "Etrace" is returned to the station it is attached to the report but not provided to the affiant, Trooper Petrof in [this] case. Therefore, it is possible that Trooper Petrof never knew that the "Etrace" reports had [been] received — or that they even existed.

Trial Ct. Op. at 4-5 (citations to transcript omitted).

Additionally, the ADA who litigated the first jury trial testified. She

stated she did not know any Etraces were undertaken until Trooper Petrof

testified to it at the trial. N.T., 10/18/19, at 43. The trial court found this

testimony "fully credible." Trial Ct. Op. at 10. The court concluded the

Commonwealth's withholding of the Etrace evidence to Appellant was not intentional, and thus double jeopardy did not attach. N.T., 10/18/19, at 66.

The case thus proceeded to a retrial before a jury on October 21, 2019. The Commonwealth called as witnesses Trooper Petrof, Smethport Police Chief Patrick Warnick, and McKean County Drug Task Force Detective Scott Nelson — the latter two witnesses assisted in the search of Appellant's home. Appellant did not testify or present any evidence.

The jury found Appellant guilty of four counts of persons not to possess firearms and one count each of possession of a controlled substance and possession of drug paraphernalia. On December 12, 2019, the trial court sentenced Appellant to an aggregate term of six to twelve years' imprisonment. Appellant did not file a post-sentence motion, but filed a timely notice of appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

## II.  Statement of Questions Involved

Appellant presents the following issues for our review:[8]

I.  Did the trial court err when it [denied Appellant's] motion for dismissal pursuant to Rule 600(G), when the trial court did not conclude that the adjusted run date for Rule 600(G) purposes was November 19, 2018?

II.  Did the trial court err when it [denied Appellant's] omnibus motion for dismissal on the grounds that [Appellant's] double jeopardy rights were not violated?

---

[8] We have reordered the issues for ease of review.

- 8 -

III. Did the trial court err when it [denied Appellant's] omnibus motion for dismissal on the grounds that [Appellant's] speedy trial rights were not violated?

IV. Did the trial court err when it [held] that the Commonwealth had provided sufficient evidence for the convictions . . . ?

Appellant's Brief at 5-6.

### III. Rule 600 — November 20, 2018, First Trial

In Appellant's first issue, he avers the trial court erred in denying his Rule 600 motion to dismiss the charges ahead of his first jury trial — which ultimately commenced on November 20, 2018. He avers the adjusted run date had lapsed one day earlier, on November 19th. In support, Appellant enumerates the dates he requested continuances, and the resultant periods of excludable time. Pertinently, he computes the total excludable time to be 84 days. Appellant's Brief at 19. We conclude no relief is due.

We note the relevant standard of review:

"In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." . . .

"The proper scope of review . . . is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court." "An appellate court must view the facts in the light most favorable to the prevailing party."

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. . . .

\*   \*   \*

- 9 -

> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. . . .

***Hunt***, 858 A.2d at 1238-39 (citations omitted).

This Court has explained:

Rule 600 generally requires the Commonwealth to bring a defendant on bail to trial within 365 days of the date the complaint was filed. Pa.R.Crim.P. 600(A)(3). . . .

In assessing a Rule 600 claim, the court must exclude from the time for commencement of trial any periods . . . any continuances the defendant requested . . . . Pa.R.Crim.P. 600(C). . . .

. . . "Excludable time" is defined in Rule 600(C) as . . . such period of delay at any stage of the proceedings as results from . . . any continuance granted at the request of the defendant or the defendant's attorney. Pa.R.Crim.P. 600(C) . . . .

***Hunt***, 858 A.2d at 1240-41 (some citations omitted).

We reiterate that the complaint was filed on August 25, 2017. The trial court reasons the initial run date, or the mechanical run date, was August 25, 2018. Trial Ct. Op. at 2; ***see*** Pa.R.Crim.P. 600(A)(3). Then, the court points out that at the first Rule 600 hearing, "defense counsel **agreed** that there were 87 days of excludable time." Trial Ct. Op.at 2 (emphasis added), *quoting* N.T., 11/14/18, at 7-8. Adding this time to the mechanical run date, the court concludes the adjusted run date was November 21, 2018, and trial timely

commenced on November 20, 2018.[9]  Trial Ct. Op. at 2.  The court thus concludes Appellant's "Rule 600 rights were not violated and he is not entitled to relief." *Id.* at 3.

Our review of the transcript supports the trial court's findings.  First, at the Rule 600 hearing, the Commonwealth argued a defense request for a continuance on August 31, to September 7, 2017, resulted in excludable time of eight days.  N.T., 11/14/18, at 4.  Appellant agreed.  *Id.* at 4-5 ("I was going to say seven, but I got my math wrong, so . . . my apologies there[.]").  The parties also discussed Appellant's successive requests for continuances of the "last day to plea" hearing, from December 28, 2017, to March 15, 2018.  *Id.* at 5-6.  The Commonwealth averred this period was 79 days.  *Id.* at 6.  Appellant initially stated he "got 75," but then conceded, "Yep, it is 79."  *Id.*  The sum of these two periods (8 days and 79 days) is **87** days.

On appeal, Appellant now challenges both of those calculations, arguing the Commonwealth erroneously "counted **both** the first and last days of each delay period," and that the total excludable time should be **84** days.  Appellant's Brief at 19.  In light of Appellant's concessions to the contrary at the Rule 600 hearing, we conclude these discrete claims are waived.  **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot

---

[9] We calculate the 87th day after August 25, 2018, to be one day earlier — November 20, 2018.  Nevertheless, trial commenced that day (November 20th).

- 11 -

be raised for the first time on appeal."). In any event, even if we were to accept Appellant's calculations, he has not addressed why the commencement of trial, merely **one day** after the adjusted run date, should result in the dismissal of charges. Appellant presented no claim, before the trial court on appeal, that the Commonwealth failed to exercise due diligence in bringing this case to trial on November 20, 2018. ***See Hunt***, 858 A.2d at 1241. For the foregoing reasons, we conclude the trial court did not abuse its discretion in denying Appellant's Rule 600 motion. ***See id.*** at 1238.

## IV. Double Jeopardy

In his second issue, Appellant challenges the denial of his motion to dismiss the charges and bar retrial on double jeopardy grounds. For ease of review, we first set forth the standard of review and relevant principles.

This Court has stated:

> An appeal grounded in double jeopardy raises a question of constitutional law. This court's scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is de novo[.] To the extent that the factual findings of the trial court impact its double jeopardy ruling, we apply a more deferential standard of review to those findings:
>
> Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

\* \* \*

- 12 -

[T]he double jeopardy clause of the Pennsylvania Constitution prohibits retrial of a defendant not only when prosecutorial misconduct is intended to provoke the defendant into moving for a mistrial, but also when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial.

Pennsylvania has adopted a strict remedy for intentional prosecutorial misconduct:

[I]t is the intentionality behind the Commonwealth's subversion of the court process, not the prejudice caused to the defendant, that is inadequately remedied by appellate review or retrial. By and large, most forms of undue prejudice caused by inadvertent prosecutorial error or misconduct can be remedied in individual cases by retrial. Intentional prosecutorial misconduct, on the other hand, raises systematic concerns beyond a specific individual's right to a fair trial that are left unaddressed by retrial.

*Commonwealth v. Kearns*, . . . 70 A.3d 881, 884-885 (Pa. Super. 2013) . . . .

\* \* \*

A violation of *Brady*[10] dictates can require dismissal on double jeopardy grounds. However, as with other instances of prosecutorial misconduct sufficient to bar retrial, the defendant must show the prosecutor intentionally withheld this information in an attempt to deprive the defendant of a fair trial. Discovery violations caused by "gross negligence" or "mere willfulness" are insufficient to invoke a defendant's double jeopardy protections.

---

[10] *Brady v. Maryland*, 373 U.S. 83 (1963). "In *Brady*, the United States Supreme Court held that 'the suppression by the prosecution of evidence favorable to an accused upon request violated due process where the evidence is material to either guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.'" *Commonwealth v. Lynn*, 192 A.3d 194, 200 n.7 (Pa. Super. 2018).

***Lynn***, 192 A.3d at 199 (some citations omitted).

Here, Appellant argues retrial was barred under the double jeopardy clause because "Trooper Petrof intentionally withheld discoverable evidence." Appellant's Brief at 27. Appellant then reasons, "Even if such conduct was negligent, it was still intentional negligence, because [Trooper Petrof] testified that he would send supplemental reports to a district attorney's office. Such intentional conduct (even if merely intentionally negligent) can easily be deduced directly from Trooper Petrof's testimony[.]"). ***Id.*** We conclude no relief is due.

The trial court found:

> It was negligent for the state police to [not] provide the "Etrace" reports to the [DA's] Office. The defense had requested discovery and the "Etrace" reports would have been provided . . . if the state police had provided them to the [DA's] Office. It is discouraging that, even at the time of the October 18, 2019, hearing on the Motion to Dismiss, nothing was done to prevent this type of miscommunication from occurring again. However, this action (failing to provide discovery/the "Etrace" reports) was not intentional. Trooper Petrof was as surprised as [defense] counsel that the Etrace reports had not been provided. Therefore, in accordance with the authority and standard in [***Kearns***, 70 A.3d 881,] double jeopardy did not attach and [Appellant] is not entitled to relief.

Trial Ct. Op. at 6. We agree.

The trial court made no such finding that, as Appellant now claims, Trooper Petrof was "intentionally negligent," and in any event, the relevant case authority makes no reference to a *mens rea* of "intentionally negligent." Instead, our case authority emphasizes that double jeopardy will attach only

- 14 -

if the prosecution's wrongdoing was "intentional." **See Lynn**, 192 A.3d at 199. Second, the prosecutorial misconduct targeted by our double jeopardy jurisprudence is the intentional provoking of a defendant into moving for a mistrial and the intention to prejudice a defendant to the point of the denial of a fair trial. **Id.** Appellant articulates no such claim here against Trooper Petrof or the ADA. Instead, his allegation is simply that "Trooper Petrof intentionally withheld discoverable evidence." **See** Appellant's Brief at 27. Finally, we point out Appellant was granted relief for the discovery violation — the trial court granted his motion for a mistrial. **See Kearns**, 70 A.3d at 884-885; **Lynn**, 192 A.3d at 199. Accordingly, we do not disturb the trial court's denial of Appellant's double jeopardy claim.

## V. Speedy Trial — October 21, 2019, Retrial

Whereas Appellant's Rule 600 issue pertained to his **first jury trial**, his third claim on appeal is that the trial court erred in denying his constitutional speedy-trial claim with respect to his **retrial**. He avers the following: his retrial commenced approximately 800 days after the filing of the complaint. Appellant's Brief at 22. Even if the retrial did not violate Rule 600, a weighing of the four **Barker**[11] factors should have resulted in dismissal of the charges. The "mistrial was granted due to the conduct of Trooper Petrof," misconduct

---

[11] **Barker v. Wingo**, 407 U.S. 514 (1972) (discussed **infra**).

by the prosecution "must weigh heavily against the government, . . . the Commonwealth waited another ten months before it even listed the case for retrial,"[12] and "Appellant has suffered significant prejudice due [to] his lengthy incarceration . . . and the-almost twenty six months . . . that the . . . case continued without any resolution." *Id.* at 22. Appellant also cites the trial court's finding of "negligent conduct on the part of Trooper Petrof and 'the fact that the lack of procedure at the State Police Station caused the trial to be delayed for almost an additional year[.]'" *Id.* at 23. The trial court now suggests reversal is proper. Trial Ct. Op. at 11. After careful review, we determine no relief is due.

This Court has stated:

> Pennsylvania Rule of Criminal Procedure 600 was adopted "to protect defendant's constitutional rights to a speedy trial under the Sixth Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, in response to *Barker*[, 407 U.S. 514,] in which the [United States Supreme] Court adopted a four-part balancing test to determine whether a defendant's speedy trial rights had been violated.

> \* \* \*

> "[A] speedy trial analysis . . . mandates a two-step inquiry: (1) whether the delay violated Pennsylvania Rule of Criminal Procedure [600]; and, **if not**, then (2) whether the delay violated the defendant's right to a speedy trial guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 9 of the Pennsylvania Constitution."

---

[12] *See* n.6, *supra*.

- 16 -

*Commonwealth v. Colon*, 87 A.3d 352, 356 (Pa. Super. 2014) (citation omitted).

First, we note the trial court found no Rule 600 violation with respect to the retrial, and Appellant raises no challenge thereto on appeal. **See** Pa.R.Crim.P. 600(A)(2)(d) (when a new trial has been granted and no appeal perfected, "the new trial shall commence within 365 days from the date on which the trial court's order is filed") & *cmt.* ("Paragraph (A)(2)(d) . . . applies to the period for commencing a new trial following the declaration of a mistrial."). Thus, we proceed to consider whether there was a violation of Appellant's constitutional right to a speedy trial pursuant to the **Barker** factors. **See Colon**, 87 A.3d at 356.

This Court has stated:

> In **Barker**, the United States Supreme Court identified the following four factors to be considered in determining whether an unconstitutional speedy trial violation had occurred: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his rights; and (4) the prejudice to the defendant. . . .

**Colon**, 87 A.3d at 356 (citations omitted).

In **Commonwealth v. Taylor**, 598 A.2d 1000 (Pa. Super. 1991) — upon which the trial court relies — the Commonwealth failed to provide mandatory discovery to the defendant at two successive pre-trial, municipal court status hearings. **See id.** at 1001. The defendant filed a

motion to dismiss his charges pursuant to then-Pa.R.Crim.P. 6013,[13] which "provide[d] that '[t]rial in a Municipal Court case . . . shall commence no later than one hundred twenty (120) days from the date on which the preliminary arraignment is held.'" *Id.* at 1001 n.1. The trial court denied the motion to dismiss. *Id.* at 1001. On appeal to this Court, the defendant argued that the time, over which the Commonwealth failed to provide the discovery, was chargeable to the Commonwealth for Rule 6013 purposes, as "his trial was delayed due to the Commonwealth's failure to provide mandatory discovery." *Id.* at 1002. This Court agreed. *Id.*

> We reasoned that dismissal of charges
>
> is an appropriate action when the Commonwealth fails to bring a defendant to trial within the time period prescribed in Rule 6013. The appropriateness of that action does not change merely because the Commonwealth's failure to provide mandatory discovery causes the delay.
>
> Furthermore, our Supreme Court recently stated that where, as here, a defendant's discovery request is not contested and the request is not made for purposes of trial strategy, a request for discovery does not toll the running of Rule 1100 (the Court of Common Pleas counterpart to Rule 6013).

*Taylor*, 598 A.2d at 1002 (citation omitted). Furthermore, this Court found the Commonwealth's reason for the discovery delay — that it made "two or three routine requests for [a] report [from the police] during a period of more

---

[13] Rule 6013 was renumbered Rule 1013, "Prompt Trial — Municipal Court," in 2000, effective April 1, 2001. Pa.R.Crim.P. 1013, *note*.

than three months," and this was "all that [it] can do" — showed a lack of due diligence. *Id.* at 1002-03. This Court thus concluded the municipal court erred in finding the defendant's Rule 6013 rights were not violated, and we vacated the judgment of sentence. *Id.* at 1003.

In the instant matter, as stated above, while the trial court denied Appellant's constitutional speedy-trial relief in the proceedings below, the court now suggests its decision was in error. The court reasons that pursuant to *Taylor*, "negligence by the Commonwealth that results in the failure to provide timely discovery and the grant of a mistrial violates a defendant's right to a speedy trial and necessitates dismissal."[14] The court then finds the Commonwealth was negligent in this case:

> Had the "Etrace" reports been provided to the [DA's] Office in a reasonable time after they were received by the state police then the trial court would have proceeded and concluded on November 14, 2018[, the date of Appellant's first jury trial]. Further, defense counsel would have had this significant information when preparing their case.
>
> Although [the Commonwealth's] failure to provide the reports was not intentional, it was negligent. At the October 18, 2019, hearing, almost a year after the grant of the mistrial, no efforts had been undertaken to assure that additional reports to Trooper

_____

[14] The trial court compared this *mens rea* standard to that for double jeopardy: whereas a speedy-trial violation requires **negligence** on the part of the Commonwealth in failing to provide discovery, "double jeopardy . . . attaches if there is '**intentional**' prosecutorial misconduct." Trial Ct. Op. at 9 (emphasis added). In other words, the trial court observed, the Commonwealth's negligent conduct would not establish a double jeopardy violation, but the same conduct could establish a violation of speedy trial rights. *Id.* at 10.

- 19 -

Petrof's cases would be provided in discovery [in] the future. Trooper Petrof testified he couldn't provide the "Etrace" or any additional reports or evidence in his cases after he filed his initial report because he is not assigned to a specific station. Sergeant Mary Gausman testified that each trooper is responsible for their own cases, that remains the policy, and "it could happen again."

The court finds [the testimony of the ADA at the first jury trial] fully credible. She was not aware of the existence of the "Etrace" reports until trial on November 20, 2018. However, that does not overcome the fact that the lack of procedure at the State Police Station caused the trial to be delayed for almost an additional year. The actions giving rise to the charges occurred [and the complaint was filed] on August 25, 2017, more than 25 months before [re]trial on October 21, 2019. Therefore, [Appellant's] speedy trial rights were violated and he is entitled to relief on appeal.

Trial Ct. Op. at 10-11.

While we detect no "negligence" standard articulated in **Taylor** or relevant case authority, we do not disturb the trial court's findings of fact as to the Commonwealth's conduct and basis for the mistrial. **See Hunt**, 858 A.2d at 1238; Trial Ct. Op. at 10-11.

Nevertheless, we construe the trial court's thoughtful discussion to go to only two of the **Barker** factors, the length and reason for the delay. **See Colon**, 87 A.3d at 356. In its opinion, the trial court did not address the prejudice prong of the **Barker** analysis. **See id.** At the October 18, 2019, hearing, however, the trial court clearly found Appellant failed to establish prejudice. First, the court observed Appellant presented no testimony as to any prejudice. N.T., 10/18/19, at 68. The court further noted:

There was argument . . . that [Appellant] has had this hanging over his head all this time. But that isn't enough. Otherwise,

- 20 -

every time there's a mistrial, there'd be a double jeopardy and a speedy trial violation. There has to be something more. And there isn't here. There's nothing in the record to show that anything is different than it was on [November 20, 2018,] the day the mistrial was granted[. Appellant has not argued he] has lost a witness, lost critical evidence, [or] anything like that.

It could be argued "Well, now when we go to trial, the trace reports will be available." But that's not in and of itself a basis for a mistrial either. There has to be something [sic] that [Appellant] is put in a worse position because of the delay in presenting his case. And there's nothing here in the record showing that. . . . So I'm going to deny the Motion to Dismiss for violation of [Appellant's] speedy trial rights[.]

N.T., 10/18/19, at 68-69.

Our review of the record supports the trial court's findings. Furthermore, we find unpersuasive Appellant's present argument, that he "has suffered significant prejudice due [to] his lengthy incarceration period." **See** Appellant's Brief at 22. The jury found Appellant guilty of multiple counts of firearms violations, possession of a controlled substance, and possession of drug paraphernalia, and the trial court properly awarded sentencing credit against his sentences. **See** Order, 12/17/19, at 2. Because we conclude Appellant has failed to establish prejudice, we affirm the denial of his constitutional speedy-trial claim.

## VI. Sufficiency of the Evidence

In his final issue, Appellant avers, "The trial court erred when it allowed [the five charges of persons not to possess firearms] to proceed to the jury because the Commonwealth failed to prove sufficient evidence[,] especially given that the reasonable inferences drawn from such evidence are mutually

- 21 -

inconsistent." Appellant's Brief at 28, 29. Appellant cites the Commonwealth witnesses' allegedly "mutually inconsistent" testimony that: the handgun was and was not in the safe; "the long guns" were found in Appellant's bedroom and another bedroom; "[o]n one occasion, Trooper Petrof testified that there was a .17 rifle [in Appellant's bedroom, but] he failed to identify it on another occasion[;]" and meanwhile, "Detective Nelson could not identify where the .17 caliber rifle was located." *Id.* at 29-30. Appellant concludes "the jury should not have been allowed to guess which inference[, whether the firearms were possessed by Appellant or the other resident of the home,] it would adopt." *Id.* at 30, *citing* **Commonwealth v. New**, 47 A.2d 450, 468 (Pa. 1946) ("When two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances, a jury must not be permitted to guess which inference it will adopt, especially when one of the two guesses may result in depriving a defendant of his life or his liberty."). We conclude no relief is due.

We point out Appellant does not challenge the jury's guilty verdicts, but rather the trial court's "allow[ing] the case to proceed to the jury." Appellant's Brief at 28. To the extent Appellant avers the Commonwealth failed to establish a *prima facie* case at the preliminary hearing, we would conclude no relief is due, where the jury found him guilty at trial. **See Commonwealth v. Kelley**, 664 A.2d 123, 127 (Pa. Super. 1995) ("[O]nce a defendant has gone to trial and has been found guilty of a crime, any alleged defect in the

preliminary hearing is rendered immaterial. . . . "Where . . . 'it is determined at trial that the evidence of the Commonwealth is sufficient to be submitted to the jury, then any deficiency in the presentation before the district justice would have been harmless.'").

To the extent Appellant purports to challenge the sufficiency of the evidence supporting his convictions, we would conclude that his arguments instead go to the weight of the evidence, such a claim is waived, and in any event, no relief would be due.

Appellant cites the principle in **New**, that "[w]hen two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances, a jury must not be permitted to guess which inference it will adopt[.]" Appellant's Brief at 28, *quoting* **New**, 47 A.2d at 468. This reliance on **New**, to argue the jury should not have been permitted to weigh inconsistent testimony as to the particular locations in Appellant's home where firearms were found, is misplaced. Appellant does not address the context in which the statement in **New** was articulated. The Pennsylvania Supreme Court has explained:

> [O]ur Court has also long made an exception to [the] principle of appellate deference [to the finder of fact when reviewing the sufficiency of evidence,] in recognition of the fact that, in some cases, **the entire body of evidence** introduced at trial which furnished the basis for an appellant's conviction **is so deficient that it does not reasonably support a finding of guilt beyond a reasonable doubt, as a matter of law**.
>
> Thus, **in those atypical situations**, our Court has consistently held that we are not bound by the factual findings and

credibility determinations rendered by the finder of fact, and we are compelled in such circumstances to reverse a legally erroneous conviction.

Notably, this principle was applied by our Court in the case of [*New*, 47 A.2d 450], to reverse a murder conviction when all of the circumstantial evidence of record presented at trial, which our Court accepted as true, did not establish the defendant's guilt beyond a reasonable doubt, but, rather, was in "equipoise" on this question. That is to say, the trial evidence equally supported two reasonable but diametrically opposed ultimate inferences: one that the defendant committed the murder, and the second that he did not commit the murder.

*Interest of J.B.*, 189 A.3d 390, 409 (Pa. 2018) (emphases added).

We further note: the offense of persons not to possess firearms is defined as follows:

A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1). At trial, the parties stipulated that Appellant "was a person prohibited by law from possessing a firearm." N.T., 10/21/19, at 16.

A challenge to the sufficiency of the evidence is a claim the evidence was not sufficient to establish each material element of the crime beyond a reasonable doubt. *See Commonwealth v. Blackham*, 909 A.2d 315, 319 (Pa. Super. 2006). On the other hand, "variances in testimony go to the credibility of the witnesses and not the sufficiency of the evidence. [A] mere conflict in the testimony does not render the evidence insufficient because it is within the province of the fact finder to determine the weight to be given to

the testimony and to believe all, part, or none of the evidence.")
**Commonwealth v. Trinidad**, 96 A.3d 1031, 1038 (Pa. Super. 2014)
(citations omitted). "[A] n appellate court is restrained from substituting its
judgment for that of the finder of fact. . . . " **Blackham**, 909 A.3d at 320
(citations omitted).

Finally, we note Pennsylvania Rule of Criminal Procedure 607(A)
provides:

> (A) A claim that the verdict was against the weight of the
> evidence shall be raised with the trial judge in a motion for a new
> trial:
>
> (1) orally, on the record, at any time before sentencing;
>
> (2) by written motion at any time before sentencing; or
>
> (3) in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3).

Here, notwithstanding Appellant's improper characterization of his claim
as a sufficiency challenge, he did not challenge the weight of the evidence
before the trial court. Thus, this issue is waived. **See** Pa.R.Crim.P. 607(A)(1)-
(3). **See also Blackham**, 909 A.3d at 320 ("Appellate review of a weight
claim is a review of the [trial court's] exercise of discretion [in denying relief],
not the underlying question of whether the verdict is against the weight of the
evidence.")

Moreover, even if Appellant did preserve his issue, no relief would be
due. The jury was free to believe all, part, or none of the testimony by Trooper

Petrof and the other two officers at trial as to where the firearms were found, and to conclude Appellant possessed the firearms found in his residence. *See* ***Trinidad***, 96 A.3d at 1038; ***Blackham***, 909 A.3d at 320.

## VII. Conclusion

As we conclude Appellant is not entitled to relief on any of his claims, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/30/2021